## JOHNSON v. DYE.

### No. 138.

District Court, W. D. Pennsylvania.

April 18, 1947.

Hymen Schlesinger and Samuel J. Goldstein, both of Pittsburgh, Pa., for relator.

Louis L. Kaufman and Raymond D. Evans, both of Pittsburgh, Pa., for the Commonwealth of Pennsylvania.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., for the United States.

McVICAR, District Judge.

Leon Johnson, in his petition for a writ of Habeas Corpus in this case, set forth that he is a resident of the City of Clairton, Allegheny County, Pennsylvania, and is unlawfully imprisoned in the custody of the Warden of the Allegheny County Jail by a detainer of the District Attorney of Allegheny County, at the request of authorities of Cobb County, Georgia; that on January 25, 1943, he was found guilty of murder and was sentenced to imprisonment during his natural life; that he escaped from prison in June, 1943 and has been a fugitive since that time; that the State of Georgia requested an extradition warrant of the Governor of Pennsylvania and on March 20, 1946, his extradition was approved by the Governor of Pennsylvania. He avers, in his petition , that his imprisonment is unlawful for the following reasons:

First: Your relator avers that he was improperly found guilty of murder in Cobb County, Georgia, and his constitutional rights were violated inasmuch as several of the witnesses who testified against him at the hearing were compelled to do so by duress and coercion on them by certain police authorities of Cobb County, Georgia, and that the testimony of such coerced and intimidated witnesses was material, resulted in his conviction and in truth and fact was wholly false and perjured, as the prosecuting authorities well knew.

Second: Following his conviction, your relator was committed to a chain gang in the State of Georgia at hard labor and was the victim of cruel, barbaric and inhuman treatment at the hands of his jailors to the extent that his life and health were in grave jeopardy.

Third: Your relator avers that in the event he is returned to the State of Georgia to complete his unfinished sentence, his life will be endangered and he fears that if he is returned, there is danger that he will meet his death by mob violence or be so brutalized and tortured by his jailors that he will succumb.

This Court, on the presentation of said petition, granted a rule upon the Warden of Allegheny County Jail, the U. S. Attorney for the Western District of Pennsylvania, the District Attorney of Allegheny County, the Attorney General of the Commonwealth of Pennsylvania and upon the State of Georgia to show cause why the prayer of said petition should not be granted. Answers to said petition were filed by the Attorney General of the Commonwealth of Pennsylvania, the District Attorney of Allegheny County, Pennsylvania, and the U. S. Attorney for the Western District of Pennsylvania. In all of the answers, objection was made to the granting, by this Court, of the writ of Habeas Corpus prayed for, the reasons set forth therein.

From the evidence, the following facts appear: That relator, Leon Johnson, December, 6, 1942 and prior thereto, was a citizen of the State of Georgia; that he had a room in a house where Minnie Owens and her daughter, Mae George, age 14, resided; that relator and Sarah Thompson, a negro, occupied the same room; that on December 6, 1942, Sarah Thompson was killed by a shot from a shot gun in the room occupied by her and relator; that immediately or shortly after the killing, relator went to the State of Alabama; he remained there until he was brought back to Georgia by the Georgia State Officers; that he was indicted on the charge of murdering Sarah Thompson and in January, 1943 he was tried and convicted. At the trial he was represented by counsel. He was sentenced to a penitentiary at hard labor for and during the term

of his natural life. In June, 1943, he escaped with about 175 other prisoners; he came to Pennsylvania and has resided in Clairton, Allegheny County, Pennsylvania, since he came to this state.

The Governor of Georgia issued a requisition to the Governor of Pennsylvania for the extradition of Johnson to Georgia. The Governor of Pennsylvania, in pursuance thereto, caused a warrant of arrest to be issued and as a result, relator is now and has been since the issuing of the warrant, in the Allegheny County Jail.

Relator made an application for a writ of Habeas Corpus to the Court of Common Pleas of Allegheny County, Pennsylvania, setting forth in support thereof, the same reasons set forth in his petition in this Court, which are stated above. He had a hearing on his application for a writ of Habeas Corpus in the Common Pleas Court. After hearing, the Court refused his application. The trial Judge stated in substance, that in his opinion, relator had failed to show that he was entitled to have said writ granted. He took an appeal from the judgment of the Court of Common Pleas to the Superior Court of Pennsylvania. That Court affirmed the judgment of the Common Pleas Court of Allegheny County. This case is reported in Commonwealth ex rel. Johnson v. Dye, 159 Pa.Super. 542, 49 A.2d 195. The Court by Arnold, J., filed an opinion October 30, 1946. In that opinion it is stated, inter alia:

"The positions of the relator apparently are (1) that he was improperly convicted (that a demurrer to the evidence would have been good and that the corpus delicti was not proved); (2) that witness or witnesses for the State of Georgia testified falsely because of intimidation and force practiced by police officers upon them; (3) that while undergoing his sentence he received brutal treatment from the prison guards, who threatened to kill him, and that his life will be endangered if he is returned to Georgia. * * *

"The appellant complains that the court below would not determine the facts as to the alleged brutal treatment of the prison guards and the danger to relator's life if returned; but that was not the court's position. The court stated, in a brief opinion, dictated at the close of the evidence: '* * * there is no warrant for a writ of Habeas Corpus. * * *' That, of course, only meant that the defendant did not convince the court that he should be discharged.

"In the instant case the burden was on the relator to convince the court below of the truth of his averments. That court was not convinced and dismissed the writ, and the question before us is whether there was an abuse of discretion by it resulting from a disregard of substantial evidence: Commonwealth ex rel. Mattox v. Superintendent of County Prison, 152 Pa.Super. 167, 31 A.2d 576. There was no abuse of that discretion. We have painstakingly examined the record in the murder trial and in the Habeas Corpus, irrespective of the fact that the court below refused to find for the relator, and it is difficult to see how any court could have arrived at any other conclusion. Judgment affirmed."

After judgment against relator in the Court of Common Pleas of Allegheny County, he filed his petition for a writ of Habeas Corpus in this Court.

This Court is a Court of limited jurisdiction. It has only that jurisdiction which has been conferred upon it by statute. In 28 U.S.C.A. § 451, the statute provides that "the Supreme Court and the district courts shall have power to issue writs of habeas corpus". In 28 U.S.C.A. § 452, the statute provides that: "The several justices of the Supreme Court and the several judges of the circuit courts of appeal and of the district courts, within their respective jurisdictions, shall have power to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty. * * *"

In 28 U.S.C.A. § 453, the statute provides that: "The writ of habeas corpus shall in no case extend to a prisoner in jail unless where he is in custody under or by color of the authority of the United States, or is committed for trial before some court thereof; or is in custody for an act done or omitted in pursuance of a law of the United States, or of an order, process, or

decree of a court or judge thereof; or is in custody in violation of the Constitution or of a law or treaty of the United States." It is thus apparent that jurisdiction in this case is limited to a prisoner in custody in violation of the Constitution or of a law of the United States.

In Mooney v. Holohan, Warden, 294 U.S. 103, 55 S.Ct. 340, 341, 79 L.Ed. 791, 98 A.L.R. 406, Mooney asked leave to file petition for an original writ of Habeas Corpus in the Supreme Court of the U. S. on the ground: "* * * that the sole basis of his conviction was perjured testimony, which was knowingly used by the prosecuting authorities in order to obtain that conviction, and also that these authorities deliberately suppressed evidence which would have impeached and refuted the testimony thus given against him."

Mooney had been sentenced by a State Court on a conviction of murder, to life imprisonment. The Supreme Court held that a criminal conviction procured by State prosecuting authorities, solely by the use of perjured testimony known by them to be perjured, and knowingly used by them in order to procure the conviction is without due process of law and in violation of the 14th amendment. In the opinion it is stated: "Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by that Constitution."

The Supreme Court denied the petition without prejudice, stating: "We do not find that petitioner has applied to the state court for a writ of habeas corpus upon the grounds stated in his petition here. That corrective judicial process has not been invoked, and it is not shown to be unavailable. Despite the many proceedings taken on behalf of the petitioner, an application for the prerogative writ now asserted to be peculiarly suited to the circumstances disclosed by his petition has not been made to the state court. Orderly procedure, governed by principles we have repeatedly announced, requires that before this Court is asked to issue a writ of habeas corpus, in the case of a person held under a state commitment, recourse should be had to whatever judicial remedy afforded by the state may still remain open." See Pyle v. Kansas et al., 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; Hawk v. Olson, Warden, 326 U.S. 271, 66 S.Ct. 116.

If the facts in the present case were, as alleged in the first reason assigned by relator for his writ of Habeas Corpus, he would be entitled to the remedy set forth in Mooney v. Holohan, supra. There is no evidence in this case that witnesses, who testified at his trial in the State Court in Georgia, were compelled to do so; there is no evidence that they gave perjured testimony, nor is there any evidence that the State of Georgia or its officers or agents, knew that perjured testimony was used against the relator.

There is evidence that Johnson received cruel treatment after he had been convicted of murder and while he was serving his sentence therefor. However, such treatment would not entitle him to his liberty as it does not constitute a custody of relator in violation of the Constitution or laws of the United States. 28 U.S.C.A. § 453. The 8th Amendment is not a limitation upon the States. Collins v. Johnston, 237 U.S. 502, 503, 510, 511, 35 S.Ct. 649, 59 L.Ed. 1071.

The third reason of relator, that if he is returned to the State of Georgia to complete his unfinished sentence, that his life will be endangered so that he fears he will meet his death by mob violence or be tortured by his jailors so that he will succumb, is not sustained by credible evidence. If Johnson is extradited, he will be in charge of Georgia State Officers. After his return to Georgia, he no doubt would be taken to the Penitentiary to which he had been sentenced to finish his life sentence and hence, would be in charge of State officers. No race question is involved as the relator and the person who was killed, are negroes. The Court of Common Pleas of Allegheny County and the Superior Court of Pennsylvania, seemingly took the same position on this reason, which was refused by said Courts.

For the reasons stated herein, the prayer of the relator for a writ of Habeas Corpus should be refused without prejudice to relator to make application or applications

266

for such a writ in the State of Georgia, and also to seek all other available remedies, including a hearing before the Governor of Pennsylvania.

Let an order be prepared and submitted in accordance with the above opinion.