Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

William S. Rauhauser, Dist. Atty., Owen B. McManus, Asst. Dist. Atty., Pittsburgh, Pa., for defendant.

McVICAR, Chief Judge.

On November 13, 1946 Leon Johnson filed a petition for a Writ of Habeas Corpus in the United States District Court for the Western District of Pennsylvania. After hearing thereon, the Court entered an order refusing to grant the Writ of Habeas Corpus, with an Opinion filed in support thereof. D.C., 71 F.Supp. 262. An appeal was taken by the relator to the Court of Appeals for the Third Circuit, and on May 17, 1949 that Court, in an Opinion written by Chief Judge Biggs, reversed the District Court and granted the Writ. See Johnson v. Dye, 3 Cir., 175 F.2d 250. Certiorari was sought and allowed by the United States Supreme Court, and on November 7, 1949, that Court reversed the judgment of the United States Court of Appeals, citing in support thereof Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. Thereafter, on August 22, 1950, a petition for a Writ of Habeas Corpus was filed in the Supreme Court of Pennsylvania, said Court entering an order on October 20, 1950, denying the petition.[1] The petitioner now comes again before the District Court with a petition praying the Court as follows: "Your petitioner therefore prays the Court for an order vacating and setting aside the judgment and order of April 30, 1947, refusing his Petition for Writ of Habeas Corpus, and prays for a re-hearing on his said Petition for Writ of Habeas Corpus, prays that the said Petition for Writ of Habeas Corpus be issued, and that your petitioner be discharged from custody." It is

**JOHNSON v. DYE.**

**No. 138.**

United States District Court
W. D. Pennsylvania.

Nov. 22, 1950.

---

1. No opinion for publication.

134

the opinion of this Court, however, that the petitioner has not completely exhausted his state court remedies in that there has been no appeal sought or petition for Certiorari filed in the United States Supreme Court following the denial of his petition for a Writ of Habeas Corpus by the Supreme Court of Pennsylvania. In Darr v. Burford, 339 U.S. 200, 201, 70 S.Ct. 587, the Supreme Court again reiterated the rule that ordinarily a federal District Court can act upon an application for a Writ of Habeas Corpus only when all state remedies available have been exhausted and review has been denied by the United States Supreme Court. There is no such peculiar urgency present in the instant case that should require a departure from this established rule.

### Order

And now, this 22nd day of November, 1950, It Is Ordered And Directed that the petition praying for an order vacating and setting aside the judgment and order of the United States District Court of April 30, 1947, refusing relator's Petition for Writ of Habeas Corpus; and praying for a rehearing on said Petition for Writ of Habeas Corpus; and further praying that said Petition for Writ of Habeas Corpus be issued and that said petitioner be discharged from custody; be, and hereby is, denied.