**HARRISON v. SKEEN, Warden.**

Civ. A. No. 372–F.

United States District Court
N. D. West Virginia, Fairmont Division.
Aug. 10, 1953.

W. Ralph Musgrove, Fairmont, W. Va., for petitioner.

WATKINS, District Judge.

The petitioner, Oscar A. Harrison, has caused to be filed in this court his petition requesting issuance of a writ of habeas corpus to inquire into the legality of his detention in the West Virginia Penitentiary. Movant is serving a life sentence for the slaying of one Eugene Martin, which sentence was imposed upon him by the Criminal Court of Wayne County, West Virginia, on December 31, 1947.

Even a most cursory examination of the petition filed in this cause immediately discloses the incongruity of certain allegations contained therein. The movant, in one instance, alleges that he was denied the right of a trial but repeatedly refers to a certain witness who "took the witness stand" to swear falsely against him. Aside from the obvious inconsistencies contained in the petion it is readily apparent that the relief sought by movant must be denied by this court. 28 U.S.C.A. § 2254 states: "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning

of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Petitioner has failed to show that he has exhausted remedies available to him in the courts of West Virginia. This court must refuse to grant a writ of habeas corpus for that reason. See Darr v. Burford, 339 U. S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Tann v. Smyth, 4 Cir., 182 F.2d 939.

Since petitioner has sought to proceed in this matter in forma pauperis, the petition has been docketed because of the need for orderly procedure and is now dismissed for the reason above stated.