**Oscar A. HARRISON, Petitioner,**

v.

**Orel J. SKEEN, Warden, West Virginia Penitentiary, Respondent.**

**No. 430–F.**

United States District Court
N. D. West Virginia, Fairmont Division.

Nov. 22, 1954.

Russell L. Furbee, Fairmont, W. Va., for plaintiff.

John G. Fox, Atty. Gen., and Harry A. Bangert, Jr., Asst. Atty. Gen., for defendant.

WATKINS, Chief Judge.

This is the second petition for a writ of habeas corpus filed in this court by the petitioner, a state prisoner who is serving a life sentence in the West Virginia Penitentiary for murder, which sentence was imposed by the Circuit Court of Wayne County, West Virginia, on December 31, 1947. At his trial in the state court he was represented by

two attorneys. In this proceeding he has asked the court to appoint counsel for him, which request has been granted. The respondent filed an answer to the petition, and a hearing was had upon the issues raised by the petition and answer.

The first petition filed by petitioner in this court was dismissed on August 10, 1953, because petitioner failed to show that he had exhausted the remedies available to him in the state courts. Harrison v. Skeen, D.C.N.D.W.Va., 114 F.Supp. 695. On August 18, 1953, petitioner filed his petition for a certificate of probable cause, which was denied. Harrison v. Skeen, D.C.N.D.W.Va., 114 F.Supp. 696. No appeal was taken. He has now filed this second petition alleging the same grounds, but in addition has alleged some new assignments of error in his trial in the state court.

The petitioner has filed with his present petition a certified copy of his petition for a writ of habeas corpus to the West Virginia Supreme Court of Appeals. An examination of those two petitions shows that the same grounds urged in the Supreme Court of Appeals of West Virginia are now relied upon here. However, there is no allegation that petitioner has ever sought a writ of certiorari in the United States Supreme Court from the decision of the Supreme Court of Appeals of West Virginia, and it appears from the record in the Supreme Court of Appeals of West Virginia that no such application for certiorari was made.

■ The petition must be dismissed for the following reasons:

1. Petitioner has failed to show that he has exhausted remedies available to him in the state court. In order to exhaust his state remedies the petitioner must have applied to the United States Supreme Court for a writ of certiorari to the decision of the state court. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Bradley v. Skeen, D.C. N.D.W.Va., 114 F.Supp. 697. The petition under consideration discloses no reason which would warrant the court in adopting a course of conduct contrary to the decided cases and statutory enactments pertaining to the exhaustion of state remedies. No circumstances are shown which would render ineffective state corrective processes in the protection of the rights of the petitioner. Until petitioner has shown that he has exhausted state remedies, this court is without jurisdiction.

■ 2. The grounds relied upon by petitioner in both the Supreme Court of Appeals of West Virginia and in this court relate to admissibility of evidence at his trial, alleged errors committed by the trial court at the trial, sufficiency of the evidence to support the verdict of the jury, the credibility of witnesses, and alleged errors in procedure. Petitioner's remedy for error in matters of procedure at his trial was by appeal and not by habeas corpus. Any error in the procedure of selection of the jury is properly taken on appeal and not by habeas corpus. U. S. ex rel. Bowe v. Skeen, D.C.N.D.W.Va., 107 F.Supp. 888.

■ 3. As the state and federal courts have the same responsibility to protect persons from violations of their constitutional rights, a federal district court may decline, without a re-hearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, whether through affirmance of the judgment on appeal or denial of post-conviction remedies. Schell v. Eidson, 8 Cir., 203 F.2d 902.

For the reasons above cited, this court does not have jurisdiction, but if the court had jurisdiction, it would be required to dismiss the petition for the reasons stated above. The petition for a writ of habeas corpus is denied.