Woodrow B. BRADLEY, Petitioner,

v.

Orel J. SKEEN, Warden, West Virginia State Penitentiary, Respondent.

No. 428–F.

United States District Court
N. D. West Virginia,
Fairmont Division.

Nov. 22, 1954.

Russell L. Furbee, Fairmont, W. Va., for petitioner.

John G. Fox, Atty. Gen., and Fred H. Caplan, Asst. Atty. Gen., for respondent.

WATKINS, Chief Judge.

This is the second petition for a writ of habeas corpus filed in this court by petitioner, a state prisoner who is serving a life sentence in the West Virginia Penitentiary for murder. He was sentenced to death by the Circuit Court of Boone County, West Virginia, in March, 1937, but this sentence was later commuted to life imprisonment. He asked this court to proceed in forma pauperis and to appoint counsel for him, which requests have been granted.

The first petition was dismissed by this court on August 10, 1953, because petitioner had not exhausted his state remedies. Bradley v. Skeen, D.C.N.D. W.Va., 114 F.Supp. 697. Petitioner was subsequently denied a certificate of probable cause for the reasons set forth in the opinion filed by this court. Bradley v. Skeen, D.C.N.D.W.Va., 114 F.Supp. 698. He has now filed his second petition alleging many of the same grounds. Petitioner has made no allegation or showing that the grounds now urged here were the same ones passed upon by the state court. However, respondent has filed an answer to this petition with a certified copy of the state court proceedings, from which it appears that petitioner has filed a petition for a writ of habeas corpus in the Supreme Court of Appeals of West Virginia on January 9, 1954, and that such petition was subsequently denied. The record further shows that at no time during any of these proceedings has the petitioner applied to the Supreme Court of the United States for certiorari.

To invoke the jurisdiction of this court the petitioner must show that he has exhausted the remedies available to him in the courts of West Virginia. This exhaustion of state remedies contemplates the complete use by state prisoners of available state court machinery. Since the petitioner did not petition the United States Supreme Court for a writ of certiorari, he has not exhausted his state remedies. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, 762; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. To the same effect see the following decisions by this court: Harrison v. Skeen, D.C., 114 F.Supp. 695, and Bradley v. Skeen, supra. See also U. S. ex rel. Farmer v. Skeen, 4 Cir., 203 F.2d 950.

The petition under consideration discloses no reason which would warrant the court in adopting a course of conduct contrary to the decided cases and statutory enactments pertaining to the exhaustion of state remedies. No circumstances are shown which would render ineffective state processes in the protection of the rights of the petitioner. The petition for the writ of habeas corpus is denied.