**Oscar A. HARRISON, Petitioner, Appellant,**

v.

**Orel J. SKEEN, Warden, West Virginia State Penitentiary, Moundsville, West Virginia, Respondent, Appellee.**

**No. 7013.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 3, 1955.

Decided Oct. 4, 1955.

---

James I. Caviness, pro se.

H. Vernon Hart, Asst. U. S. Atty., Greensboro, N. C. (Edwin M. Stanley, U. S. Atty., Greensboro, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

questions presented to him, Brown v. Allen, 344 U.S. 443, 463–465, 73 S.Ct. 397, 97 L.Ed. 469, and because state remedies had not been exhausted by seeking certiorari from the Supreme Court to review state court action. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. The appellant has failed to obtain, however, the certificate of probable cause required by 28 U.S.C. § 2283. The appeal will accordingly be dismissed.

Appeal dismissed.

Oscar A. Harrison, pro se.

Harold A. Bangert, Jr., Asst. Atty. Gen. (John G. Fox, Atty. Gen., of West Virginia, on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

 This is an appeal from an order dismissing a petition for a writ of habeas corpus, by a prisoner serving a life sentence for homicide under the judgment of a state court of West Virginia. A prior application for habeas corpus was denied by the court below as was application to appeal in forma pauperis. Harrison v. Skeen, D.C., 114 F.Supp. 695, 696. Following that denial, application was made to the state courts of West Virginia; but from their denial no review by certiorari was sought from the Supreme Court of the United States. The application from which this appeal is taken was later filed in the court below alleging errors reviewable only by appeal, as they related to the sufficiency of proof, the credibility of witnesses and matters relating to the procedure on the trial, where appellant was represented by counsel of his own choice and employment. If the case were properly before us, the decision of the lower court, D.C., 125 F.Supp. 547, denying the writ would necessarily be affirmed both because the trial judge was justified in relying upon the action of the state court, which had passed upon the very