**Francis Marion BLACK, Appellant,**

v.

**O. B. ELLIS, Director, Texas Department of Corrections, Appellee.**

**No. 18161.**

United States Court of Appeals Fifth Circuit.

Oct. 21, 1960.

Francis Marion Black, in pro. per., Huntsville, Tex., Norman Prendergast, New Orleans, La., for appellant.

Linward Shivers, Asst. Atty. Gen., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

This appeal tests the legality of an order of the court below denying, from the face of petitioner's pleading, his application for writ of habeas corpus. The grounds for the denial are thus stated by the court below:

"The record does not show that the petitioner has appealed to the Supreme Court of the United States from the ruling of the Court of Criminal Appeals on February 12, 1959, and, therefore, he has not exhausted his state remedies. See Harrison v. Skeer (Skeen), D.C. W.Va.1954, 125 F.Supp. 547, appeal

·dismissed [4 Cir.], 226 F.2d 217; Johnson v. Dye, D.C.Pa.1950, 94 F. Supp. 133."

A painstaking examination of this ·confused and inadequate record[1] reveals that petitioner was convicted of murder by a trial court in Texas on June 22, 1938 and sentenced to death, his conviction being affirmed by the Court of Criminal Appeals of Texas March 22, 1939, rehearing denied May 31, 1939. See Black v. State, 137 Tex.Cr.R. 173, 128 S.W.2d 406. We do not find it otherwise disclosed in the record, but the respondent's brief makes the statement concerning that case: "This case was later denied certiorari by the Supreme Court of the United States."

From the documents above referred to it appears that petitioner first applied to the Texas courts for writ of habeas corpus, upon the denial of which he applied to the Supreme Court of the United States for writ of certiorari, which was denied April 21, 1952, Black v. Moore, 343 U.S. 931, 72 S.Ct. 766, 96 L.Ed. 1340, rehearing denied 1952, 343 U.S. 959, 72 S.Ct. 1054, 96 L.Ed. 1358. In the papers before us there is copy of the original petition for certiorari in the above case, which was filed March 19, 1952 in the Supreme Court.[2] It further appears that petitioner filed with the Court of ·Criminal Appeals of Texas a second application for writ of habeas corpus in June, 1956, which in September, 1956 was denied. Apparently, certiorari from this decision was also denied by the Supreme Court of the United States.[3]

As is often the case with records of this character, we have had to dig out of a mass of papers the true situation as it seems presented, and we think the foregoing is probably an accurate summary of the decisive proceedings which have taken place in this case. Upon the assumption that this is true, the petitioner has exhausted his state remedies and is not barred from proceeding in a District Court of the United States. Darr v. Burford, 1949, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

Doubtless the respondent can help clarify the record in this case, and will do so if and when he is called upon to answer the petition. To the end that the court below may require such an answer or take such other steps as may be provided by law to bring the case before it for such hearing as the facts presented to it may justify, the judgment of the court below is reversed upon rehearing and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

JONES, Circuit Judge (dissenting).

I had supposed that a person held in custody pursuant to the judgment of a state court who sought habeas corpus in a federal court had the burden of affirmatively showing, in the district court, that he had exhausted remedies available in the state courts. I do not think that this burden is met by the submission of papers to this Court which the district court had not seen. I do not think that relief from meeting this burden of proof can be had by a recital in a brief filed

---

1. About a score of different moves were made by the petitioner on which there were various court actions, and it is extremely difficult to relate one to the other in such a way as to formulate a real picture of what has transpired. Our conclusion must be based upon a consideration of the pleadings, the reported court decisions and the briefs of the parties insofar as their assertions are unchallenged, and are, therefore, before the Court without objection.

2. This document was filed in this Court subsequent to the oral argument, but the

attorney for the respondent made no objection to our consideration of it.

3. In Black v. Ellis, 353 U.S. at page 913, 77 S.Ct. at page 672, there is listed among the cases in which certiorari was denied an order which we think probably relates to the last mentioned state court proceedings, said order reading:

"No. 535 Misc. Black v. Ellis, General Manager, Texas Prison System, et al. Court of Criminal Appeals of Texas. Certiorari denied."

with this Court even though the state has not challenged the recital. I do not think we should ignore the procedural requirements. I do not think we should put the district court in error where it has made a correct decision upon the record before it. I would affirm the district court's judgment. I respectfully dissent.