Oscar A. HARRISON, Appellant,

v.

Otto C. BOLES, Warden of the West Virginia Penitentiary, Moundsville, West Virginia, Appellee.

No. 8532.

United States Court of Appeals Fourth Circuit.

Argued June 8, 1962.

Decided Sept. 13, 1962.

Before SOPER and HAYNSWORTH, Circuit Judges, and CRAVEN, District Judge.

SOPER, Circuit Judge.

This appeal is taken from an order of the District Court whereby the petition of Oscar A. Harrison for writ of habeas corpus was dismissed without a hearing. Harrison is serving a life sentence in the West Virginia State Penitentiary imposed by the Circuit Court of Wayne County, West Virginia, on December 31, 1947, after a jury trial wherein he was found guilty of murder in the first degree.

He filed the instant proceeding in the District Court on November 13, 1961, and was allowed by the court to proceed in forma pauperis. The Judge considered the allegations of the petition but found them insufficient to justify the relief prayed for and dismissed the petition without a hearing. The prisoner appealed from this order and has been allowed to proceed in forma pauperis and has been represented on the appeal by an attorney appointed by this court. The question for decision is whether the allegations of the petition are sufficient to require an answer on the part of the Warden of the prison, and, if proved, to justify the issuance of the writ.

The case has been before the state and federal courts on a number of previous occasions. The prisoner was represented at his trial for murder in the state court by two lawyers selected by his brother and paid by him. After his conviction they filed a motion for a stay pending appeal but did not perfect the appeal. Thereafter no further action was taken until 1953, six years later, when the prisoner filed an application for a writ in the District Court below in which he made the incongruous allegations that he had been denied the right of trial but referred to the false testimony by one of the witnesses who took the stand against him. The petition was dismissed because the prisoner had not exhausted his state remedies.

John R. Morris, Parkersburg, W. Va. (Court-assigned counsel), for appellant.

C. Robert Sarver, Asst. Atty. Gen. of West Virginia (C. Donald Robertson, Atty. Gen. of West Virginia, on brief), for appellee.

930

See Harrison v. Skeen, D.C., 114 F.Supp. 695; D.C., 114 F.Supp. 696.

Thereafter the prisoner sought relief unsuccessfully in the state courts and in 1954 filed a second petition for a writ of habeas corpus in the court below in which he asked for the appointment of counsel to represent him. This request was granted. An answer was filed and a hearing was held. It was shown that the prisoner had applied to the Supreme Court of West Virginia for a writ but had been denied and that he had not thereafter applied to the Supreme Court of the United States for writ of certiorari. The District Court dismissed the writ on November 22, 1954 (125 F.Supp. 547) on the ground that the prisoner had not exhausted his state remedies and also on the ground that the errors of which he complained related to the sufficiency of the evidence and the credibility of the witnesses produced at his trial that were reviewable only on appeal and not on petition for writ of habeas corpus. The prisoner's petition was also denied because the legality of his detention had been determined by the state courts. On appeal to this court, 4 Cir., 226 F.2d 217, the case was dismissed for failure of the prisoner to obtain a certificate of probable cause; but the court said that if the case were properly before it the decision of the District Court would necessarily be affirmed because the state court had passed adversely on the prisoner's contentions and because he had not exhausted the state remedies by seeking certiorari from the Supreme Court of the United States.

Three years later in 1958, that is to say eleven years after the conviction, the prisoner applied unsuccessfully to the Circuit Court of Wayne County, West Virginia, for copy of the transcript of the trial in 1947, under Chapter 51, Article 7, § 7 of the West Virginia Code which entitles an indigent person under indictment for misdemeanor or felony, upon written request, to a transcript of the testimony and proceedings at his trial, without charge, for use in seeking an appeal or writ of error.

See Linger v. Jennings, 143 W.Va. 57, 99 S.E.2d 740. This was the first time the prisoner had requested a copy of the transcript of the record of his trial for murder. The request was denied by order of the state court on March 10, 1958 on the ground that the statutory period of eight months, during which a petition for appeal or writ of error may be taken in a criminal case in West Virginia, had expired. See Chapter 58, Article 5, § 4 of the West Virginia Code.

Two years later in September 1960 the prisoner filed a petition for a writ of habeas corpus in the Supreme Court of West Virginia. Therein he alleged that the evidence upon which his conviction was based was proved to be false by witnesses offered on his behalf and he requested that the record of his trial be produced. This petition was denied by the Supreme Court of West Virginia and a petition for certiorari to the Supreme Court of the United States was also denied on March 20, 1961. Harrison v. Adams, 365 U.S. 846, 81 S.Ct. 808, 5 L.Ed.2d 811.

On November 13, 1961, the prisoner filed the instant proceeding in the court below. The petition invokes the jurisdiction of the District Court under 28 U.S.C. § 2241 relative to the grant of habeas corpus and alleges that the prisoner had exhausted his state remedies in compliance with 28 U.S.C. § 2254 first, by applying to the Supreme Court of West Virginia for a writ of habeas corpus, and, upon its denial, by filing a petition for certiorari with the Supreme Court of the United States, which was also denied. On the merits it was alleged in the District Court below that the prisoner was denied due process when the Circuit Court of Wayne County refused him a copy of the records in the criminal case, and when the Supreme Court of West Virginia refused him a writ of habeas corpus without a hearing, and the Supreme Court of the United States refused him a writ of certiorari. He alleges that his lawyer abandoned his case after he was taken to the Penitentiary in 1947 and thereafter the pris-

on authorities would not allow him to file any proceeding in court until 1953. Filed with the petition are copies of the petitions and briefs in the proceedings in the Supreme Court of West Virginia and the Supreme Court of the United States. In these papers the allegations of fact on which the prisoner now depends are set forth in the following recital.

On August 17, 1947 the prisoner was living with one Mrs. Blake as a common law wife. She is the mother of Elizabeth Blake, who was then a sixteen year old girl. At midnight the girl had not come home and her absence was reported by the couple to the police. After 1 A.M. the girl returned accompanied by a man. An altercation followed during which the man struck the prisoner and a pistol went off which the prisoner had drawn from his pocket and the man was killed. At the trial of the case the state relied solely on the testimony of Elizabeth Blake which was false. She testified that the prisoner came down the steps from the house, faced the deceased, pulled out a pistol and fired it into his stomach without saying anything. She first made a signed statement in the prisoner's favor but later made five separate and distinct statements; she was frightened into testifying against the prisoner at the trial because she was a juvenile delinquent; and her testimony at the trial was contradictory and conflicting in itself and was proved false by medical and ballistic experts who testified on behalf of the prisoner.

In support of his position in this court the appellant contends first that the evidence at his trial was insufficient to support a verdict of murder in the first degree because the only credible evidence showed that the killing was unintentional or in self defense; and he says that the only evidence of guilt was the testimony of Elizabeth Blake, which was proved to be false by witnesses for the defense. He asserts that an examination of the record of the murder trial will substantiate these contentions and that refusal of a copy of the record deprived him of a constitutional right.

Secondly, he argues that the sentence of imprisonment should be set aside and the prisoner released because the prosecuting attorney offered in evidence the testimony of Elizabeth Blake which he knew to be false.

We do not think that these contentions should be sustained. They are based on the assumption that a prisoner who has been convicted of a crime and sentenced to prison after a trial under the forms of law may thereafter have a review of the proceedings at the trial by filing a petition of habeas corpus. This assumption is not tenable. It is settled by numerous decisions that errors of fact or law committed during the trial of a criminal case, which do not involve the denial of a constitutional right, may be reviewed only on appeal and not in a habeas corpus proceeding. See, e. g., Grundler v. State of North Carolina, 4 Cir.1960, 283 F.2d 798. The judgment of conviction is not subject to collateral attack and the writ of habeas corpus cannot be used as a writ of error; the scope of review on habeas corpus is limited to the examination of the jurisdiction of the court whose judgment of conviction is challenged, Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 83 L.Ed. 455; Eagles v. United States ex rel. Samuels, 329 U.S. 304, 311–312, 315, 67 S.Ct. 313, 91 L.Ed. 308; Snead v. Smyth, 4 Cir., 1959, 273 F.2d 838, 841.

The appellant does not contend that there was no evidence to show that he killed the deceased. On the contrary, he alleged in his petitions filed with the Supreme Court of West Virginia and the Supreme Court of the United States that Elizabeth Blake testified that the defendant deliberately shot and killed the deceased. The position of the appellant is that this testimony was shown to be false by the witnesses on his side of the case. But this obviously raised a question of credibility which was resolved against the defendant by the verdict of the jury at the trial, in which he was represented by lawyers chosen by his family to represent him. There is no showing that the constitutional rights of

the defendant were violated by submitting the issue to the jury or in the failure of the defendant's attorneys to prosecute an appeal after the motion for a new trial was overruled in the trial court.

The appellant's case is not strengthened by the refusal of the trial court to furnish him with a transcript of the proceedings at the trial under Chapter 51, Article 7, § 7 of the West Virginia Code. The statute is not relevant to the facts in the case. It is captioned "Transcripts to Be Furnished Indigent Persons under Conviction; Payment Therefor." It provides in substance that in any case where the court has appointed counsel for an indigent defendant under indictment for either misdemeanor or felony, and the defendant has been found guilty and desires to appeal, the court, upon written request of the defendant's counsel setting forth the grounds of appeal, shall direct the court reporter to furnish a transcript of the testimony and proceedings of the trial, without charge, "for use in seeking his appeal or writ of error." Obviously, the statute is designed to aid an indigent convicted defendant who desires to appeal to a higher court. In the present case the defendant was not indigent, the right of appeal was not exercised and no request for the transcript was made during the eight months period within which the appeal was required to be taken.

The attorney for the appellant in the instant case suggests that the statute denies the equal protection of the law and is, therefore, unconstitutional, since it provides assistance to a convicted defendant who desires to appeal from a conviction of crime but provides no assistance to one who desires to attack a conviction in a habeas corpus proceeding after final judgment has been pronounced. Obviously, the statute applies to all persons alike and it cannot be claimed that the rights of convicted defendants have been violated by the failure of the state to furnish a transcript of a record for habeas corpus cases when the state has made available to all convicted defendants a record for appeal which will thereafter be available to the defendant in all post-conviction proceedings in habeas corpus or otherwise.

The demand of the appellant for the trial record for the first time in 1958 was doubtless inspired by the decision of the Supreme Court in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, which was handed down in 1956. That decision, however, does not help the appellant's cause. The court had before it certain Illinois statutes which accord writs of error as a matter of right in all criminal cases but require that they be accompanied by bills of exceptions or a report of the proceedings at the trial. These are provided free of charge to defendants under judgment of conviction to death but not to other convicts. It was held that the statute was invalid since it denied due process and equal protection of the law in that it made it possible for persons possessed of financial means to take an appeal in other cases but denied the same privilege to poor persons unable to bear the expense of a copy of the record. Quite different is the statute of West Virginia under consideration. It applies to all crimes and misdemeanors and has been interpreted by the Supreme Court of West Virginia to apply to all indigent persons whether they are represented by counsel of their own choosing or counsel appointed by the court. Linger v. Jennings, 143 W.Va. 57, 99 S.E.2d 740. Unlike Illinois, the right of appeal is made available to all persons convicted of crime in West Virginia.

These considerations clearly show that the defendant was denied no constitutional right when the trial court refused to furnish him a copy of the trial proceedings; but even if it should be thought that he was entitled to a record of the trial under the circumstances above related, he suffered no detriment by the denial of the record in this case. He desires the record only to show that the weight of the testimony at the trial was on his side and, therefore, he should

have been acquitted by the jury. As we have seen, however, this raises an issue which is not reviewable on habeas corpus but only on appeal which the defendant failed to take.

 The second main contention of the appellant is that he was convicted of a crime at a trial at which the prosecuting attorney offered evidence which he knew to be false. If this charge were sustained it would justify the issuance of the writ and the discharge of the prisoner from the sentence based upon the conviction, and if the charge were clearly made in a petition for the writ, the prisoner would be at least entitled to an answer and a hearing. Pyle v. Kansas, 317 U.S. 213, 216, 63 S.Ct. 177, 87 L.Ed. 214. In the instant case, however, the allegation is not made that the prosecuting attorney had knowledge that Elizabeth Blake was perjuring herself when she testified that she saw the defendant shoot the deceased, as above described. The allegation in effect is that the falsity of her testimony was demonstrated by the defendant's witnesses and the only implication is that the prosecuting attorney was informed thereby that his witness was lying and should have abandoned the prosecution. Manifestly this course of reasoning cannot be accepted. It would impose upon the attorney for the state the duty to weigh the evidence and make findings upon disputed issues, which is imposed by the rule upon the petit jury. The law is clear that in considering the validity of a verdict of guilty in a criminal case the court should accept the version of the facts most favorable to the prosecution; see United States v. Stradley, 4 Cir., 1961, 295 F.2d 33, 35; Bell v. United States, 4 Cir., 185 F.2d 302, 310; and it is the duty of the state's attorney to proceed on this theory in the trial before a jury unless he knows that the state's testimony is perjured. That was certainly not true in this case. The state relied on the testimony of an eye witness to the killing while the defendant relied in the main upon the testimony of expert witnesses.

The District Judge was justified in dismissing the petition without a hearing and his order is affirmed.

· Affirmed.