# CHARLESTON.

STATE v. G. M. NANGLE.

Submitted April 9, 1918.    Decided April 16, 1918.

1. STATUTES—*Providing for Appeal—Construction.*

    A statute providing for the right of appeal will be construed so as to maintain the right where this can be done without violating the well established rules for construing statutes. (p. 226).

2. SAME—*Construction.*

    Statutes providing for the right of appeal are remedial in their nature, and liberal construction will be given to the language employed. (p. 227).

3. CRIMINAL LAW—*Summary Conviction—Appeal.*

    Section 230 of ch. 50 of the Code providing for appeals from judgments of justices of the peace in criminal cases grants to any one convicted before a justice of the peace the right to have the fine increased to not less than the sum of ten dollars, regardless of the penalty provided by the act creating the offense, in order that he may prosecute an appeal from the judgment of such justice of the peace to the circuit court of the county. (p. 227).

Error to Circuit Court, Doddridge County.

G. M. Nangle was convicted before a justice of the peace of failing to compel a child of school age to attend school. The justice refused an appeal, whereupon defendant petitioned the circuit court therefor, and from an adverse ruling, he brings error.

*Reversed and remanded, with directions.*

*S. A. Powell,* and *L. W. Chapman,* for plaintiff in error.

*E. T. England,* Attorney General, and *Henry Nolte,* Assistant Attorney General, for the State.

Ritz, Judge:

Upon two warrants charging him with a failure to require the attendance of his children at school, the defendant was found guilty before a justice of the peace, and upon one of said charges fined the sum of two dollars, and upon the other thereof the sum of five dollars, together with the costs of prosecution in each case. These warrants were sworn out under the provisions of section 72 of ch. 45 of the Code making it a misdemeanor for anyone having under his control a child of school age not to compel the attendance of such child at school under certain regulations, and providing a fine of two dollars for the first offense, and a fine of five dollars for each subsequent offense. The defendant demanded that an appeal be allowed him from the judgments of the justice of the peace aforesaid, and under the provisions of section 230 of ch. 50 of the Code demanded that the justice of the peace make the fine in each case the sum of ten dollars, so that he might be entitled to said appeal. This, the justice of the peace refused to do and refused to grant to him an appeal. He thereupon filed his petition in the circuit court showing these facts and praying that an appeal from each of said judgments be granted him by the circuit court, and from that court's refusal to grant the prayer of the petition this writ of error is prosecuted.

It will be observed that section 72 of ch. 45 makes it a misdemeanor for anyone having in his charge or under his control children of school age not to send them to school, and provides as punishment for such failure a fine of two dollars for the first offense, and five dollars for each subsequent offense. The contention of the state is that, inasmuch as the fine provided by the statute for the offense with which the defendant is charged was in no case as much as ten dollars, the justice of the peace had no power to make the fine ten dollars upon the application of the defendant, and to grant to him an appeal under section 230 of ch. 50; that this section properly construed only provides for the granting of an appeal in those cases in which provision is made for punishment in excess of a fine of ten dollars by the statute creat-

ing the offense, and that in those cases where the punishment is by a fine of less than ten dollars there can be no appeal from the judgment of the justice of the peace. This construction of the section, the defendant contends, is too narrow, and is not only not justified by the language used, but would render the provision violative of the constitutional provision providing for trial by jury of all crimes and misdemeanors. Whether it is competent for the legislature to make the judgments of justices of the peace final in certain criminal cases does not become a material inquiry if the statute under consideration properly construed grants the right of appeal to the defendant. It will be observed that this section 230 of ch. 50 provides that every person sentenced to imprisonment by a justice of the peace, or to the payment of a fine of ten dollars or more, shall be entitled to an appeal from the judgment of such justice of the peace to the circuit court of the county; and it further provides that in no case shall a judgment for a fine of less than ten dollars be given by the justice of the peace if the defendant, his agent or attorney object thereto. What was the purpose of putting in this latter provision? Evidently to prevent justices of the peace from imposing fines under the sum of ten dollars for the purpose of cutting off appeals from their judgments, and it is quite clear that in any case in which provision is made by law for the infliction of a fine of ten dollars or more a justice of the peace cannot by inflicting a less penalty than the limit prevent an appeal from his judgment. But what is the effect in a case in which the maximum penalty provided for the offense charged is less than ten dollars, as is the case here? There are perhaps very few of our criminal statutes where the maximum punishment provided for the commission of the offense inhibited is less than a fine of ten dollars, but there are some such statutes, and the one we now have under consideration in this case is of that character. In construing the language used in section 230 of ch. 50 we must bear in mind the general rule applicable to the construction of statutes providing for appeals. In 3 C. J. p. 318, this rule is very aptly said to be: ''What errors are reviewable on appeal, the proceedings in which an appeal

will lie, and the conditions upon which the right may be exercised, depend entirely upon a construction of the constitutional or statutory provision by which the right is granted; and in determining these questions, of course, the general rules of statutory construction apply. As a general rule a statute or constitutional provision conferring, extending, or regulating the right of appeal ought not to be abridged by strict construction; but on the contrary, being remedial, it should be liberally construed, and especially, when the constitution guarantees the right of appeal, a statute regulating the exercise of the right should be so interpreted as most certainly and effectually to attain this object. A statute will not be construed as taking away the right of appeal unless the language used clearly shows such an intent." This rule of construction seems to be well supported by the authorities in most jurisdictions. 2 R. C. L. p. 29; *State ex rel. Clarke* v. *Carter,* 174 Ala. 266, 56 So. 974; *Ex parte Jonas* (Ala.) 64 So. 960; *Mitchell* v. *Steamship Co.,* 154 Cal. 731; *Appeal of S. O. Houghton,* 42 Cal. 35; *The People* v. *Scholan,* 238 Ill. 203; *Arcenneaux* v. *St. Clair de Benoit,* 21 La. Ann. 673; *Converse* v. *Burrows & Prettyman,* 2 Minn. 229; *Pearson* v. *Lovejoy,* 53 Barb. 407; *O'Rouke* v. *Paint Co.,* 91 S. C. 390; *State* v. *Olsen,* 39 Utah 177. From these authorities it may be deduced that where a statute providing for appeals is capable of being so construed as to maintain the right of appeal, without violating the well established rules for construing statutes, it will be so construed. Such statutes are remedial in their nature and liberality in their construction is indulged to the end that the full legislative intent may be accomplished. Applying this rule to the construction of section 230, ch. 50, we think it was the evident purpose of the legislature to provide for an appeal from a judgment of conviction by a justice of the peace in any criminal case. There are statutes creating offenses the punishment for which is a fine of less than ten dollars, but the defendant, if he wants to submit to a heavier punishment in case of conviction upon appeal, is given the right to do so by virtue of this statute. This construction gives to the language used its plain and ordinary meaning, and avoids any real or fancied conflict

with the provisions of the constitution that the trial of crimes and misdemeanors shall be by a jury of twelve men, and that no person shall be deprived of life, liberty and property without due process of law and the judgment of his peers. In every case in which a party is adjudged guilty of a crime or misdemeanor before a justice of the peace, if he desires to appeal, the effect of this statute is to make the punishment a fine of not less than ten dollars, so that his right to have a trial by a common law jury before a court of record, presided over by a judge learned in the law, shall not be taken from him. We are of opinion that the circuit court erred in refusing the appeals prayed for.

The judgment of the circuit court will, therefore, be reversed and the cause remanded, with directions to grant an appeal to the defendant in each case, to the end that he may be tried in the circuit court for the offense with which he is charged.          *Reversed and remanded, with directions.*