EUGENE HENRY LINGER

*v.*

HONORABLE J. DOWELL JENNINGS, JUDGE, *etc.*

(No. 10915)

Submitted July 17, 1957. Decided September 10, 1957.

*Linn Mapel Brannon, John S. Stump, Jr.,* for relator.

*W. W. Barron,* Attorney General, *W. Bernard Smith,* Assistant Attorney General, for respondent.

RILEY, PRESIDENT:

In this original proceeding in mandamus this Court on July 5, 1957, issued a rule directed to the Honorable J. Dowell Jennings, Judge of the Twenty-sixth Judicial Circuit, commanding him to authorize and direct Ruth Chartrand, official Court Reporter of the Circuit Court of Upshur County, to furnish a transcript of the testimony and proceedings of the trial of the relator, in which the relator was convicted of murder of the first degree without recommendation for clemency, or such part or parts thereof as counsel for relator shall indicate may be necessary therefor, and such part or parts thereof, in addition to the part or parts indicated by counsel for relator as may be necessary, as the Circuit Court of Upshur County in such order may direct, without charge to relator, for use in seeking a writ of error and supersedeas from this Court to the judgment of conviction of the Circuit Court of Upshur County.

At a special term of this Court, held on July 18, 1957, the respondent Judge having theretofore interposed a demurrer to relator's petition, and the relator having moved to amend the petition by incorporating therein the grounds of relator's motion for a new trial, this Court denied the motion to amend, and, upon consideration of the allegations of the petition and respondent's demurrer thereto, entered an order molding the rule, and, as molded, ordered that a peremptory writ of mandamus be awarded, directed to the respondent Judge, "commanding him as such official to enter an order authorizing and directing Ruth Chartrand, the official Court Reporter of the Circuit Court of Upshur County, to furnish, without charge to petitioner, a transcript of such part or parts of the testimony and proceedings had upon petitioner's trial mentioned and described in his petition, as his counsel may deem necessary and the Court in such order may direct, for use in seeking writ of error and supersedeas in this Court to the judgment of the Circuit Court of Upshur County rendered in said trial, and to provide in such order that the cost of such transcript be certified to the

Auditor of the State of West Virginia for payment according to law."

. The respondent Judge by his demurrer to the petition admits: (1) That the relator is an indigent person; (2) that respondent has refused to issue an order directing the official Court Reporter to prepare a transcript of the record, the cost to be paid by the Auditor of the State of West Virginia; and (3) that relator was convicted by a jury of the Circuit Court of Upshur County of murder of the first degree without recommendation for clemency.

The only statute in this State which expressly requires a circuit court to order that a defendant in a criminal case be furnished a transcript of the record at the cost of the State, is Section 7, Article 7, Chapter 52, Acts of the Legislature, Regular Session, 1947, which reads:

> "In any case wherein the court has appointed counsel for an indigent person under indictment for either a misdemeanor or felony and such indigent accused has been tried and found guilty under such indictment and desires to seek an appeal or writ of error from the court's judgment on such conviction, the court, upon written request of such convicted person's counsel setting forth the grounds upon which the appeal or writ of error will be sought, shall authorize and direct the court reporter to furnish a transcript of the testimony and proceedings of the trial, or such part or parts thereof as counsel shall have indicated in his request to be necessary, to the convicted person, without charge to him, for use in seeking his appeal or writ of error, and the cost of such transcript in the case of a misdemeanor conviction shall be certified by the judge of the court to the county court of the county wherein the accused person was convicted and shall be paid out of the county treasury thereof, and in cases of felony convictions the cost of such transcript shall be certified by the judge of the court to the auditor of the state and shall be paid out of the treasury of the state from the appropriation for criminal charges."

Initially it is to be noted that in this State a convicted defendant in a criminal case is not entitled to a writ of error as a matter of right. West Virginia Constitution,

Article VIII, Section 6, provides: "A writ of error, supersedeas, or appeal shall be allowed only by the supreme court of appeals, or a judge thereof, upon a petition assigning error in the judgment or proceedings of the inferior court and then only after said court or judge shall have examined and considered the record and assignment of errors, and is satisfied that there is error in the same, or that it presents a point proper for the consideration of the supreme court of appeals." But the very constitutional provision which withholds from a defendant in a criminal proceeding a writ of error from this Court to a judgment of conviction entered in the trial court as a matter of right, gives to such defendant the right to apply for such writ of error, which right implies an effective application, and without a transcript of the record and proceedings such right is withheld.

The relator contends: (1) That Section 7, Article 7, Chapter 52, Acts of the Legislature, Regular Session, 1947, properly construed, constitutes a mandatory direction to a trial judge in a criminal proceeding to order a transcript to be furnished a defendant therein; and (2) that without resort to the statute, relator is entitled to the relief prayed for by way of mandamus under the common law as applied to constitutional provisions.

The title of this Act reads: "AN ACT to amend article seven, chapter fifty-one of the code of West Virginia, one thousand nine hundred thirty-one, as amended, by adding to said article a new section to be designated section seven, relating to the provision of and payment for transcripts of testimony and proceedings in trials of indigent persons convicted of a misdemeanor or felony." The subtitle of the article itself, as inserted in Michie's Code, reads: "Article 7, Official Reporters. Section 7, Transcripts to Be Furnished Indigent Persons under Conviction; Payment Therefor."

On this basis it is contended by counsel for relator that the restriction in the statute, confining its application to criminal cases in which the court has appointed counsel

for the indigent defendant, is void under Section 30 of Article VI of the West Virginia Constitution, not on the basis that the entire statute is unconstitutional, but that a strict construction should be had of the statute which would render void only the restricted provision thereof. Section 30 of Article VI of the West Virginia Constitution reads: "No act hereafter passed, shall embrace more than one object, and that shall be expressed in the title. But if any object shall be embraced in an act which is not so expressed, the act shall be void only as to so much thereof, as shall not be so expressed, * * *." Thus under relator's contention, and eliminating and disregarding the restrictive wording of the statute, the statute should read: "In any case where * * * an indigent person under indictment for either a misdemeanor or felony * * * has been tried and found guilty under such indictment * * *." We see no merit in this position, as the title of the statute is all-embracing and the restriction is contained in the body of the statute itself. See generally 17 M. J., Statutes, Sections 8 and 10. In this regard the purpose of Article VI, Section 30, was discussed very fully and ably by Judge Haymond in the case of *City of Wheeling ex rel. Carter* v. *American Casualty Co., et al.,* 131 W. Va. 584, 594, 48 S. E. 2d 404. Under the principles enunciated in the opinion in the last-mentioned case, it is clear that the action of the respondent Judge, whether acting within the language of Section 7, Article 7 of Chapter 52, Acts of the Legislature, Regular Session, 1947, did not violate Article VI, Section 30 of the Constitution of West Virginia.

We quite agree with counsel for the respondent Judge that the provisions of Section 7, Article 7, Chapter 52, Acts of the Legislature, Regular Session, 1947, are clear and unambiguous, and, therefore, should be applied and accepted without resorting to the rule of interpretation. *State* v. *Conley,* 118 W. Va. 508, 190 S. E. 908; *Cason, Owner, etc.* v. *Commonwealth,* 181 Va. 297, 24 S. E. 2d 435.

On this basis counsel for the respondent Judge asserts that: "It is clear that not every indigent person is entitled to a free transcript, but only those indigent persons for

whom counsel has been appointed and said court appointed counsel requests such transcript in writing are entitled to such transcript at state expense"; and, further, that: "The Legislature has theretofore made the appointment of a counsel who serves for a small fixed fee a circumstance supporting the claim of indigency." We are, however, of opinion that the vice of the statute is that it favors one class of indigent persons in criminal proceedings, that is those for whom counsel has been appointed, over other indigent persons. Thus, in our opinion, the statute, if applicable only to indigent defendants in criminal cases for whom counsel has been appointed by the trial court, is violative of the constitutional guaranties of due process and equal protection provided for in the Constitution of the United States in the Fourteenth Amendment and the Constitution of West Virginia in Article III, Sections 10 and 17.

In *Griffin* v. *People of the State of Illinois,* 351 U. S. 12, 76 S. Ct. 585, the Supreme Court of the United States in a case in which the defendants, who had been convicted of armed robbery, and their motion for a copy of the record and transcript to be furnished without cost on the ground of their poverty had been denied, filed a petition under the Illinois Post-Conviction Hearing Act, and the Supreme Court of Illinois affirmed the dismissal of the petition, held upon certiorari that the dismissal of the petition was error. In the case, involving a statute which provided for free transcripts of records to indigent defendants only in cases where such defendants have been sentenced to death, the Supreme Court of the United States held that it was error for the Illinois Court to refuse a transcript of the record in a criminal case in which the defendants had been convicted of armed robbery. We think the principles enunciated in the *Griffin* case apply to the case at bar, because, though by statute in the State of Illinois defendants in criminal proceedings are entitled to writs of error as a matter of right, which is not true under the constitutional and statutory law of this State, nevertheless the right to apply for a writ of error in a criminal prosecution

is a right guaranteed by the Fourteenth Amendment to the Constitution of the United States and by Sections 10 and 17 of Article III of the West Virginia Constitution. The Supreme Court of the United States in headnote four to the *Griffin* case held that: "Constitutional guaranties of due process and equal protection both call for procedures in criminal trials which allow no invidious discriminations between persons and different groups of persons"; and in headnote five it held that: "Both equal protection and due process emphasize the central aim of judicial system that all people charged with crime must stand on an equality before the bar of justice."

We adopt and apply the ruling of the Supreme Court of the United States in the *Griffin* case to the case at bar. See also *Barber* v. *Gladden, Warden of the Oregon State Penitentiary*, (Ore.) 298 P. 2d 986, in which the Supreme Court of Oregon, though as appears from the opinion of that Court rather reluctantly, adopted the principles of the *Griffin* case. In so holding, we are well aware of the cardinal rule that the intention of the Legislature, as expressed in the statute, is controlling, and, where the language of the statute is clear and unambiguous, this Court must apply that language and not interpret it. See 17 M. J., Statutes, Sections 31 to 38, inclusive.

This State having provided in its Constitution and in its statutory law in criminal cases for a writ of error to this Court, in derogation of the common law, this Court will not in violation of the due process and equal protection clauses of the Constitutions of the United States and of the State of West Virginia withhold from this defendant the right to apply for a writ of error, which right can only be had in the event that the defendant has available for his application a transcript of the record of the testimony and proceedings had in the trial at which he was convicted. In the majority opinion of the Supreme Court of the United States in the *Griffin* case, the Court said:

> "All of the States now provide some method of appeal from criminal convictions, recognizing the importance of appellate review to a correct ad-

judication of guilt or innocence. Statistics show that a substantial proportion of criminal convictions are reversed by state appellate courts. Thus to deny adequate review to the poor means that many of them may lose their life, liberty or property because of unjust convictions which appellate courts would set aside. Many States have recognized this and provided aid for convicted defendants who have a right to appeal and need a transscript but are unable to pay for it. A few have not. Such a denial is a misfit in a country dedicated to affording equal justice to all and special privileges to none in the administration of its criminal law. There can be no equal justice where the kind of trial a man gets depends on the amount of money he has. Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts."

For the foregoing reasons this Court entered the order at the special term on July 18, 1957, awarding the peremptory writ, as hereinabove set forth, directed to the Honorable J. Dowell Jennings, Judge of the Circuit Court of Upshur County.

*Writ awarded.*