**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Appellant,**

v.

**John M. KERSHNER, Appellee.**

**No. 8984.**

United States Court of Appeals Fourth Circuit.

Argued June 11, 1963.

Decided June 29, 1963.

Andrew J. Goodwin, Asst. Atty. Gen. of West Virginia (C. Donald Robertson, Atty. Gen. of West Virginia, on brief), for appellant.

George N. Caravasios, Wheeling, W. Va. (Court-assigned counsel), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and WINTER, District Judge.

WINTER, District Judge.

While the law of West Virginia does not require a transcript of trial proceedings as a condition precedent to exercise of the right to appeal, as a practical matter, a convicted layman cannot effectively prosecute an appeal without one. Michie's West Virginia Code (1961 Ed.) § 5251(1); Chap. 51, Art. 7, § 7 of the Code of West Virginia (1931 Ed., as amended), provides that an indigent defendant desiring to appeal may obtain a transcript of proceedings, without charge, upon written application of his Court-appointed counsel. Although couched in terms of a request by Court-appointed counsel, the West Virginia Supreme Court has construed this free transcript statute to be equally applicable to indigent defendants, whether they are or are not represented by Court-appointed counsel, Linger v. Jennings, 143 W. Va. 57, 99 S.E.2d 740 (1957).

The district judge, finding that appellee, who was convicted in March, 1959, of grand larceny and sentenced as a recidivist to a term of from one to fifteen years in the State Penitentiary, desired to appeal, had complied with the statutory requirements for an indigent defendant to obtain a transcript, and that, for reasons unknown, the Circuit Court of Fayette County, West Virginia, failed to furnish him with a transcript, concluded that appellee had been denied due process and equal protection of the laws in violation of the Fourteenth Amend-

ment to the Constitution of the United States. The district judge entered an order directing the appellee's release, but suspended execution of the order for a period of ten days in order to afford the Warden the opportunity to take this appeal.

We have reviewed the evidence presented to the district judge and we think it fairly supports his basic findings that appellee desired to appeal, that he evidenced his desire to the trial court and to his Court-appointed counsel within the time allowed for appeal, but that the trial court ignored timely requests by appellee for a transcript of his trial in order to effectuate an appeal from his conviction. The legal conclusion of the district judge to issue the writ necessarily followed, Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Eskridge v. Washington State Bd. of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). See also, Norvell v. Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed. 2d 39 (1961); Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959).

Since appellee was denied the same appellate review afforded others similarly situated, his original conviction was invalid, and he may be retried unless such appellate review is afforded him at this time. There was testimony before the district judge that, although the court reporter at the original trial is deceased, his stenographic notes are still extant. It may well be that these notes can still be transcribed, and that the courts of West Virginia would treat the failure to furnish appellee with a transcript as a tolling of the statute prescribing the time in which to take or perfect an appeal. As to these, we express no opinion, but, in affirming the lower court, we will remand the case, with directions to modify the order staying the actual issuance of the writ for such period of time as the District Court may deem reasonable, under the circumstances, to allow the State of West Virginia the opportunity to retry appellee, or to furnish him with a transcript of his trial and afford him the appellate review denied him up to now, Jones v. Cunningham, 313 F.2d 347 (4 Cir. 1963).

Modified and affirmed.