**Willie LLOYD**

v.

**WARDEN, MARYLAND PENITENTIARY.**

Civ. No. 13890.

United States District Court
D. Maryland.

May 14, 1964.

Robert S. Rody, court-appointed, Baltimore, Md., for petitioner.

Robert F. Sweeney, Asst. Atty. Gen., Baltimore, Md., for respondent.

THOMSEN, Chief Judge.

In this habeas corpus proceeding brought by a Maryland state prisoner, his court-appointed counsel presses two points: (1) that under the facts and circumstances shown by the evidence petitioner (Lloyd) was denied the right of appeal from his conviction and was denied the assistance of counsel in connection therewith; and (2) that a co-

erced confession was improperly admitted at his trial.[1]

Lloyd is a Negro, born in Sebrell, Virginia. He dropped out of school in the second grade, and at the time of his arrest and trial for the offenses involved in this case, he could write his name but was otherwise practically illiterate. His only prior conviction was by the Traffic Court for driving without a license, for which he was sentenced to a term of six months.

On November 27, 1959, at about 2:30 p. m., petitioner was arrested without a warrant, but this Court finds with probable cause, shortly after the robbery of a store on Broadway in Baltimore City. He was indicted for assault with intent to murder (#4559), for robbery with a deadly weapon (#4560), and for possessing a deadly weapon (#4561). Upon arraignment, on December 30, 1959, Judge Prendergast, presiding in the Criminal Court of Baltimore City, was satisfied that Lloyd was indigent and appointed counsel for his defense.

A trial on the several charges was held in the Criminal Court of Baltimore City before Judge Carter on January 15, 1960. The proceedings at that trial have never been transcribed by the court reporter, although petitioner has repeatedly asked for a copy. At the hearing in this Court, the reporter from the Criminal Court of Baltimore City brought her notes and read into the record such portions of the proceedings and testimony as counsel for petitioner or counsel for the State wished this Court to consider. Such a procedure is less satisfactory than having available a full transcript of the proceedings, because certain facts must be inferred which might be clarified by a full transcript. This Court suggests to the State that it would be in the interests of justice and ultimate economy to make provision for the furnishing of transcripts in such a case as this.

The evidence at the trial in the Criminal Court indicated that another man known to Lloyd only under the sobriquet "Brother", armed with a pistol, robbed the till in the back room of the store. The man on duty in the front part of the store testified that during the robbery Lloyd held an open razor to his throat. Lloyd admitted being in the store and having a razor in his possession at the time, but presented an exculpatory explanation.

As part of its case, the State offered a confession signed by Lloyd at a police station about two hours after his arrest. His questioning by the police was not unduly prolonged, but petitioner testified in the Criminal Court and at his hearing in this Court that the confession was obtained after he had been struck in the face by a police lieutenant and beaten or jabbed with nightsticks by other officers present. He presented at his trial a bloody handkerchief as evidence of the bleeding from his lip after he had been struck. At the hearing in this Court, his testimony with respect to the details of the beating differed in some respects from his testimony at the trial; but if believed would show that the confession was coerced. At the trial three of the officers testified briefly but flatly that no force had been used. Their testimony was read into evidence at the hearing on the pending petition. It does not appear that the trial judge or any other State Court has ever made any finding of fact with respect to the alleged coerced confession. This Court finds from the evidence presented to it that the trial judge admitted the confession in evidence over objection. In view of the ruling which this Court is making on the alleged denial of the right to appeal, it is not necessary to determine at this time whether the confession was in fact coerced; it is sufficient to say that the evidence in the Criminal Court presented

---

1. Petitioner also contends that perjured testimony, known to be false by the State prosecutor and arresting officers, was offered at his trial. This argument is based upon petitioner's contention that some of the testimony was so incredible that the State should have known it was false. This contention is not supported by the evidence and need not be further discussed.

a serious issue which might properly have been raised by Lloyd on appeal from the conviction.

■ In case #4559 Lloyd was convicted of simple assault and sentenced to ten years; in #4560 he was convicted of robbery with a deadly weapon and was sentenced to twenty years; in #4561 he was convicted of possessing a deadly weapon and was sentenced to two years; the sentences to run concurrently. This Court finds that petitioner's trial counsel did not discuss with petitioner the possibility of a motion for a new trial before the sentencing, which took place immediately after the verdicts, that he left the courtroom immediately thereafter, and that he never discussed with petitioner the possibility of an appeal nor explained to him what would have to be done to perfect an appeal. This Court does not hold that such failure always amounts to a denial of procedural due process, but the bar and the bench of the State and Federal Courts in Maryland should take appropriate steps to assure that upon conviction all defendants are informed of their rights of appeal and of the requirements for perfecting an appeal.

On February 2, 1960, petitioner sent to the Clerk of the Criminal Court the following letter, which was prepared for him by a fellow prisoner:

"This is to notify you that I wish to appeal to the Md. Court of Appeals from the sentences imposed on me by the Hon. Judge Joseph L. Carter, Jan. 15th, 1960.

"I am a pauper & would like to have counsel appointed to handle my appeal.

"Very truly yours,
"Willie L. Loyd, 6365
"Appellant
"Proper Person"

■■ The Clerk made the following docket entry in each of the three cases: "February 4, 1960—an Appeal to the Court of Appeals of Maryland filed in proper person". On February 5 the Clerk wrote Lloyd as follows:

"I am in receipt of your notice of appeal and have recorded it on the docket. Before I can proceed further, I must ask you to fill in and have sworn to the enclosed Petition to Prosecute an Appeal.

"Upon its prompt return, I shall turn it over to Judge Carter for his consideration as to whether or not the appeal will be granted. If he does permit the appeal, he will appoint counsel to represent you."

Enclosed with the letter was a mimeographed form headed "Petition to Prosecute an Appeal as an Indigent Defendant", wherein the petitioner was required to submit, under oath, detailed information about his personal affairs bearing on the question of indigency and was also required to supply the following information:

"5. In my opinion the reasons for the appeal are as follows (state the errors allegedly committed by the court below, and set forth in brief the bases for your appeal. Add extra sheets, if necessary.) :"

The Clerk's letter and the last paragraph of the form of petition were not in accordance with the applicable Maryland Rules of Procedure, adopted by the Court of Appeals, which provided:

"*Rule 811. How Appeal to Be Taken.*
   "*a. By Filing Order.*

"An appeal to this Court shall be taken by filing an order for appeal with the clerk of the lower court; provided, however, that an application for leave to prosecute an appeal in a post conviction case may be filed either with the Clerk of this Court or with the clerk of the lower court to be transmitted forthwith by him, with the record of the post conviction proceeding, to this Court.

\*     \*     \*     \*     \*

   "*d. Filing Fee—Deposit with Clerk of Lower Court.*

"Within the time prescribed for transmitting the record by Rule 825 (Record—Time for Transmitting) or by order entered pursuant there-

to, the appellant shall deposit with the clerk of the lower court the fee prescribed by law or by these Rules to be paid to the Clerk of this Court for filing the record and all duties incident thereto. Such fee shall be forwarded to the Clerk of this Court with the record."

"*Rule 812. Appeal—Time for Filing.*
"*a. Within Thirty Days.*

"Whenever an appeal to this Court or an application to this Court for a writ of certiorari is permitted by law, the order for appeal or the application for a writ of certiorari shall be filed within thirty days from the date of the judgment appealed from, except as provided in section b of this Rule. * * *"

"*Rule 813. When Lower Court May Strike Out Appeal.*

"If the clerk of the lower court has prepared the record as required by Rule 826 (Record on Appeal) and the appellant has neglected or omitted to pay for such record, or by reason of any other neglect or omission on the part of the appellant, the record has not been transmitted to this Court within the time prescribed pursuant to Rule 825 (Record—Time for Transmitting), the lower court may, on motion, strike out the order for appeal and issue execution or take other proceedings as if such order for appeal had not been filed."

"*Rule 883. Waiver of Costs.*
    *   *   *   *   *
"*b. Criminal Case.*
    *   *   *   *   *
"2. Other Sentence—Petition—Lower Court Order.

"In a criminal case where a sentence other than death is imposed, and the defendant files with the lower court a petition under oath alleging the fact of his poverty and his inability to defray the expense of an appeal to this Court, and an order for appeal pursuant to Rule 811 (How Appeals to Be Taken)

and Rule 812 (Appeal—Time for Filing), the lower court, upon being satisfied that such defendant is unable by reason of poverty to defray the expense of an appeal to this Court, shall sign an order directing that all court costs, including but not limited to all clerks' fees, the cost of preparing the transcript of testimony, the cost of preparing and transmitting the record, and the cost of the briefs, appendices and printed record extract necessary in connection with the appeal shall be paid by the State of Maryland and that the record be transmitted to this Court at the expense of the State. A copy of such order shall be included in the record transmitted to this Court and the payment of all filing fees to the Clerk of this Court in connection with the appeal shall be waived."

■ When the petitioner received the letter and enclosure from the Clerk of the Criminal Court he had a fellow prisoner read it to him. This Court finds that he did not understand what was required of him. He did not ask a classification officer or other prison official for advice, but the Court finds that under all the circumstances shown by the evidence such failure was excusable, especially in view of the fact that the letter from the Clerk was erroneous and ambiguous.

Petitioner did not reply to the Clerk's letter and on March 7, 1960, the Clerk made the following docket entry in each of the three cases: "March 7, 1960—the right to Appeal expired by noncompliance with Rules of Court". That entry was not in accordance with Rule 813, set out above. It appears that the matter was not brought to the attention of a judge.

On May 10, 1961, Lloyd filed a petition, prepared by another prisoner, under the Post Conviction Procedure Act of the State of Maryland (PCPA), which was treated as having been filed in all three cases. The Criminal Court appointed counsel for petitioner, who argued the matter before Judge Harlan at a hearing at which petitioner was not

present. Judge Harlan disposed as follows of the five points raised by petitioner:

"Dealing with the contentions in order, allegations of arrest without a warrant and being illegally held prior to trial are not grounds for relief under the Post Conviction Procedure Act. The Court of Appeals has always held that after trial and conviction, the illegality of an arrest and of the initial detention, and a mere complaint of being held incommunicado before trial are not grounds for relief in collateral proceedings. Brooks v. Warden, 218 Md. 650 [145 A.2d 569]; Howell v. Warden, 126 [216] Md. 611 [139 A.2d 270].

"The third contention, that the evidence was insufficient to support a finding of guilt, is not properly before the Court to consider in a collateral proceeding. McClain v. Warden, 220 Md. 666 [152 A.2d 806]; Slack v. Warden, 222 Md. 626 [160 A.2d 924].

"The allegation that Petitioner's conviction was based on a coerced confession affords Petitioner no relief in a collateral proceeding. The admissibility, competency, weight or sufficiency of the evidence cannot be reviewed in a collateral proceeding. See, for example, Rice v. Warden, 214 Md. 613 [135 A.2d 622]; and Whitley v. Warden, 222 Md. 608 [158 A.2d 905].

"As is true of the four previous allegations of Petitioner, the last one, that perjured testimony known to be false by the State Prosecutor and arresting Police Officers, gives the Petitioner no relief here. Petitioner states no facts showing active participation of State Officers in the use of the alleged perjured testimony, and his amended Petition is devoid of definite allegations to show that the State knew that the testimony was perjured. Petitioner further states no facts as to what testimony material to the issue was false or by whom said alleged false testimony was given. He merely avers baldly that the testimony was perjured and known to be false by the State Prosecutor and the arresting Police Officers. A bald allegation of perjury does not call for relief under the Post Conviction Procedure Act. Worthington v. Warden, 221 Md. 586 [155 A.2d 651]; State v. D'Onofrio, 221 Md. 20 [155 A.2d 643]."

An application for leave to appeal was filed with the Court of Appeals of Maryland, which entered the following per curiam order: "For the reasons stated by Judge Harlan for dismissing the petition, the application for leave to appeal is denied." Lloyd v. Warden, 227 Md. 658, 176 A.2d 235.

On June 20, 1962, Lloyd filed a petition for a writ of habeas corpus in this Court. An order to show cause was entered and answered, and on October 17, 1962, court-appointed counsel for the petitioner and an Assistant Attorney General of the State, counsel for respondent, entered into a stipulation providing "that further proceedings in the instant Petition for Writ of Habeas Corpus be suspended and this matter held in abeyance pending the conclusion of proceedings to be instituted in the Courts of the State of Maryland on behalf of the Petitioner, in which the Petitioner will seek the right to make belated appeal from his conviction and sentence."

Thereafter, counsel for petitioner filed a petition for relief under the PCPA, in which he requested that he be granted the right nunc pro tunc in forma pauperis to prosecute the appeal he had previously filed, seeking to argue inter alia that "his conviction was against the weight of the evidence, that it was obtained by means of perjured testimony, collusively utilized by officers or officials of the State of Maryland, and that it was based upon an involuntary confession illegally obtained from him through coercion and in violation of his constitutional rights". On that petition Judge Cardin, presiding in the Criminal Court

of Baltimore City, held a hearing at which Lloyd was present, and thereafter entered an order which recited briefly the previous proceedings, including the letter from the Clerk of the Criminal Court to petitioner dated February 5, 1960, the failure of petitioner to return to the Clerk the petition referred to in the letter, and the dismissal of the appeal by the Criminal Court of Baltimore City, with the docket entry: "The right to Appeal expired by non-compliance with Rules of Court". Judge Cardin's order continued:

"Petitioner now contends: (a) that the February 5th letter implied that petitioner's right of appeal was conditioned upon a favorable consideration by the Judge who had convicted him; (b) petitioner's financial status had already been determined by the trial Judge and petitioner was entitled to appointment of counsel from the time he noted his appeal.

"This Court agrees with petitioner that the letter of February 5th was perhaps ambiguous, but finds that it is not necessary to decide here whether or not this constituted a denial of due process.

"Petitioner has not shown that between the writing of his original letter of request for an appeal, up to the present proceedings, he ever made any further inquiry or complaint concerning his appeal. In his original and amended post conviction petitions, he raised several claims of denials of due process, cited numerous cases to support his contentions and since he filed a pauper's oath, also had benefit of court-appointed counsel. Yet, there is not a single mention in that proceeding of the issue, presently being raised, nor is there any satisfactory explanation to this Court as to why petitioner could not or did not raise this issue in the prior post conviction proceeding when given full opportunity to do so.

"Therefore, this issue must, in accordance with Article 27, Section 645 of the Annotated Code, be considered as having been waived, and the relief prayed for is hereby denied this 4th day of October, 1963."

From that order petitioner sought leave to appeal to the Court of Appeals of Maryland. His application was denied. Lloyd v. Warden, 233 Md. 644, 197 A.2d 139. The opinion of the Court of Appeals stated:

"This is an application for leave to appeal from a denial of a post conviction relief by Judge Cardin in the court below. A prior application for relief was denied by Judge Harlan in October, 1961, and application for leave to appeal was denied by this Court in Lloyd v. Warden, 227 Md. 658, 176 A.2d 235. Applicant was convicted of armed robbery in 1960. His appeal from this conviction was dismissed for failure to comply with the Rules of Court. The record shows that he did not complete a questionnaire designed to establish indigency, and took no further steps to implement the appeal. He contends that his failure was induced by an ambiguous letter from the Clerk of the Criminal Court. A review of the record shows that this contention was not raised in the first application for post conviction relief.

"Code (1963 Supp.), Art. 27, sec. 645H provides: 'All grounds for relief claimed by a petitioner under this subtitle [Post Conviction Procedure] must be raised in his original or amended petition, and any grounds not so raised are waived unless the court finds in a subsequent petition grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition * * *.' Cf. Maryland Rule BK 48. Judge Cardin found that the present contention could have been raised in the first petition. The record shows that counsel was appointed and actually

filed an amended petition making additional allegations. Even a casual examination of the docket entries and record would have disclosed the docket entry showing the dismissal of the appeal from the original conviction, and the Clerk's letter. By failing to raise the point in his first petition we think a clear case of waiver under § 645H is made out. See Smallwood v. Warden, 231 Md. 652, 653, 191 A.2d 244."

Thereafter, petitioner filed another petition for writ of habeas corpus which was consolidated with the previous petition, and a hearing was held in this Court on May 4, 1964, at which petitioner and his court-appointed counsel were present. The facts set out above were proved and additional testimony was offered with respect to the arrest, confession and trial.

■ This Court finds that Lloyd did not waive any constitutional right with respect to his right of appeal from his conviction. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

■ The Maryland Rules of Procedure, quoted above, if properly applied, do not deprive a defendant of any right under the Federal Constitution. Before allowing an appeal in forma pauperis, a State may require a convicted defendant to show, under oath, facts indicating that he is indigent. In this case, however, the erroneous and ambiguous letter of the Clerk, the enclosed form of petition with its unjustified fifth paragraph, the illiteracy of petitioner, the fact that before his trial he had satisfied the same Criminal Court of his indigency, and the docket entry, "The right of Appeal expired by non-compliance with Rules of Court", made without complying with the requirements of Rule 813, together amounted to a practical denial of the right of appeal and a denial of procedural due process, in violation of petitioner's rights under the Fourteenth Amendment to the Constitution of the United States. See Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d

899. See also Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

■ Petitioner is being held in violation of his constitutional rights and must be released from his present commitment. Counsel will prepare a proper order. The effectiveness of the order will be stayed for thirty days, to give the State an opportunity to retry the petitioner or to appeal. In either of those events, the Court will entertain a motion for a further stay.