STATE *ex rel.* ADAIR KENNEDY

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12546)

Submitted March 1, 1966.                    Decided March 29, 1966.

*Caton N. Hill, Jr.,* for relator.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

Invoking the original jurisdiction of this Court in this habeas corpus proceeding, the petitioner, Adair Kennedy, who is presently confined in the penitentiary of this State by virtue of a sentence of imprisonment for a period of fifteen years imposed by the Circuit Court of Taylor County, West Virginia, by its final judgment rendered May 23, 1964, seeks a writ to prevent the enforcement of such sentence

and to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from such confinement.

The petitioner was indicted at the January 1964 Term of the Circuit Court of Taylor County for the offense of armed robbery. Counsel was appointed to assist him and a plea of not guilty was entered. Upon the trial of the case the petitioner was found guilty, as charged, by the jury and, his motion to set aside the verdict having been overruled, by judgment rendered May 23, 1964, he was sentenced to confinement in the penitentiary of this State for a term of fifteen years.

By letter dated June 4, 1964, addressed to the clerk of the circuit court, the petitioner requested the clerk to cause an order to be entered directing the circuit court reporter to transcribe and prepare a copy of the proceedings of the trial and to send such transcript to the petitioner, who desired to use it for the purpose of an appeal, and informed the clerk that he was a pauper and unable to pay any costs or fees for such transcript. In the letter the petitioner referred to the pertinent statutes, Section 7, Article 7, Chapter 51, Code, 1931, as amended, and Section 1, Article 2, Chapter 59, Code, 1931. By letter dated June 11, 1964, the clerk informed the petitioner that to get the requested papers it would be necessary for him to petition the court to direct the court reporter to prepare the transcript and for him to present a pauper's affidavit to the court. By letter dated June 15, 1964, also addressed to the clerk of the circuit court, and to which was attached the certificate of a notary that the letter was sworn to before him on that date and the certificate of the warden that the petitioner was then without funds and would earn no funds in the foreseeable future, the petitioner requested the clerk to forward to him by return mail a copy of the transcript and a copy of the indictment, judgment order and commitment order, and repeated his statement that he was a pauper within the meaning of Section 1, Article 2, Chapter 59, Code, 1931, and asked that the requested documents be sent him without cost. By letter dated July 1, 1964, the circuit clerk sent the

petitioner the papers requested in his letter of June 15, except the transcript, and informed the petitioner that the court reporter had the evidence in her possession which would have to be transcribed, that she had been notified of the request of the petitioner, and that the court reporter would prepare the transcript for him for transmittal at a later date. No further correspondence occurred between the petitioner and the clerk of the circuit court, and no petition or affidavit was filed by any order entered by the circuit court.

Upon the petition filed in this proceeding on January 12, 1966, this Court awarded a writ returnable March 1, 1966 and appointed an attorney to represent the petitioner. Upon the return day of the writ the defendant produced the body of the petitioner as commanded by the writ and filed a demurrer and a return to the petition and this proceeding was heard and submitted for decision upon the petition and its exhibits, the demurrer and the return of the defendant and its exhibits, and the written briefs and the oral arguments in behalf of the respective parties.

The petitioner contends that the failure to supply him with a transcript of the evidence adduced upon the trial, without charge to him and within eight months of the date of the judgment sentencing him to imprisonment in the penitentiary, for which he made timely application for the purpose of an appeal, constituted a denial of due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article III, Sections 10 and 17, of the Constitution of this State, and that by reason of such denial the sentence of imprisonment is void and the petitioner is entitled to be released from his present confinement.

The defendant asserts that the petitioner is not entitled to the relief which he seeks for the stated reason that he has failed to satisfy the requirements of Section 7, Article 7, Chapter 51, Code, 1931, as amended, in that he failed to file a petition and an affidavit of his indigency with the court, failed to obtain a court order filing such petition and affidavit, and failed to make a written request for such

transcript which sets forth the grounds upon which the appeal of the petitioner would be sought; and that because the petitioner failed to comply with the foregoing requirements of the statute he was not entitled to the requested transcript and the consequent failure to furnish it to him does not entitle him to the relief which he seeks in this proceeding.

The applicable statute, which has previously been considered by this Court, provides, to the extent here pertinent, that "In any case wherein the court has appointed counsel for an indigent person under indictment for either a misdemeanor or felony and such indigent accused has been tried and found guilty under such indictment and desires to seek an appeal or writ of error from the court's judgment on such conviction, the court, upon written request of such convicted person's counsel setting forth the grounds upon which the appeal or writ of error will be sought, shall authorize and direct the court reporter to furnish a transcript of the testimony and proceedings of the trial, * * *, to the convicted person, without charge to him, for use in seeking his appeal or writ of error, * * *." See *State ex rel. Legg* v. *Boles,* 148 W. Va. 354, 135 S. E. 2d 257; *State ex rel. Banach* v. *Boles,* 147 W. Va. 850, 131 S. E. 2d 722; *State* v. *Bosworth,* 143 W. Va. 725, 105 S. E. 2d 1; *Linger* v. *Jennings,* 143 W. Va. 57, 99 S. E. 2d 740.

In *Linger* v. *Jennings,* 143 W. Va. 57, 99 S. E. 2d 740, this Court, citing the leading case of *Griffin* v. *Illinois,* 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891, 55 A. L. R. 2d 1055, held in point 3 of the syllabus that "The State, having by its Constitution and statutory law provided for the right of a defendant in a criminal proceeding to apply for a writ of error and supersedeas, cannot by legislative enactment favor one class of indigent defendants over any other class of indigent defendants in criminal proceedings." In applying the statute this Court, in the opinion, used this language: "the vice of the statute is that it favors one class of indigent persons in criminal proceedings, that is those for whom counsel has been appointed, over other indigent persons. Thus, in our opinion, the statute, if applicable only to indig-

ent defendants in criminal cases for whom counsel has been appointed by the trial court, is violative of the constitutional guaranties of due process and equal protection provided for in the Constitution of the United States in the Fourteenth Amendment and the Constitution of West Virginia in Article III, Sections 10 and 17."

Though the court in the *Linger* case regarded the statute as clear and free from ambiguity and for that reason not subject to interpretation, it applied it liberally to save its constitutionality by applying it to all indigent defendants and accomplished its plain purpose of protecting the constitutional and statutory rights of any indigent defendant under Article III, Section 6, of the Constitution of this State and Section 1 (j)., Article 5, Chapter 58, Code, 1931. Also in the *Linger* case this Court incorporated in the opinion this quotation from the opinion in the *Griffin* case: "All of the States now provide some method of appeal from criminal convictions, recognizing the importance of appellate review to a correct adjudication of guilt or innocence. Statistics show that a substantial proportion of criminal convictions are reversed by state appellate courts. Thus to deny adequate review to the poor means that many of them may lose their life, liberty or property because of unjust convictions which appellate courts would set aside. * * *. There can be no equal justice where the kind of trial a man gets depends on the amount of money he has. Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts."

The Federal Courts have liberally applied state statutes affording indigent defendants the right to free transcripts of the proceedings of their trial and conviction upon an indictment for a criminal offense and have consistently held that the failure of the State to supply such transcript when seasonably applied for and when requirements of the statute have been substantially complied with, is violative of the due process provision of the Federal Constitution and entitles the defendant to relief in a habeas corpus proceeding. *Griffin* v. *Illinois*, 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891, 55 A. L. R. 2d 1055; *Draper* v. *Washington*, 372 U. S.

487, 83 S. Ct. 774, 9 L. Ed. 2d 899; *Lane* v. *Brown,* 372 U. S. 477, 83 S. Ct. 768, 9 L. Ed. 2d 892; *McCrary* v. *Indiana,* 364 U. S. 277, 80 S. Ct. 1410, 4 L. Ed. 2d 1706; *Burns* v. *Ohio,* 360 U. S. 252, 79 S. Ct. 1164, 3 L. Ed. 2d 1209; *Ross* v. *Schneckloth,* 357 U. S. 575, 78 S. Ct. 1387, 2 L. Ed. 2d 1547; *Eskridge* v. *Washington State Board of Prison Terms and Paroles,* 357 U. S. 214, 78 S. Ct. 1061, 2 L. Ed. 2d 1269; *Chase* v. *Page, 10th cir.,* 343 F. 2d 167; *Boles* v. *Kershner,* 4th cir., 320 F. 2d 284; *Patterson* v. *Medberry,* 10th cir., 290 F. 2d 275; *United States ex rel. Westbrook* v. *Randolph,* 7th cir., 259 F. 2d 215; *Tucker* v. *Meadows,* U.S.D.C., Dist of Tenn., 234 F. Supp. 882; *Lloyd* v. *Warden, Maryland Penitentiary,* U. S. D. C., D. of Md., 229 F. Supp. 364.

In the *Lloyd* case, a habeas corpus proceeding, in which the court ruled that the petitioner was held in violation of his constitutional rights and should be released from his present confinement, though the effectiveness of such order was stayed for thirty days to afford the state an opportunity to retry the petitioner or to appeal, the court held that an erroneous and ambiguous letter of the state court clerk to the prisoner who had sought appeal, submission to him of a petition form requiring statement of reasons for appeal, the petitioner's illiteracy and the fact that he was required to prove indigency though he had earlier satisfied that requirement and a docket entry that his right of appeal had expired, made without compliance with the applicable rule, denied the prisoner his right of appeal and procedural due process.

In *State ex rel. Legg* v. *Boles,* 148 W. Va. 354, 135 S. E. 2d 257, after the petitioner had been convicted and sentenced to life imprisonment by a final judgment of the Intermediate Court of Kanawha County entered May 9, 1963, the petitioner filed his petition in that court July 15, 1963, requesting a free transcript of the record of his trial upon the information filed against him in connection with his conviction of the principal offense and on the same day the Intermediate Court entered an order directing the court reporter to furnish a transcript to the petitioner, without cost; and although the court reporter advised the petitioner

by letter that he would forward to him the transcript by the latter part of August, such transcript was not prepared or supplied until January 24, 1964, after the appeal period available to the petitioner had expired. This Court, in point 1 of the syllabus, held that "A failure or refusal by a court to furnish an indigent defendant, upon proper request, with a transcript of the record of his trial to enable him to apply for an appeal constitutes a violation of such defendant's rights under the Fourteenth Amendment to the Federal Constitution; likewise, the failure or refusal of a court reporter to furnish such transcript, when ordered by the court to do so, constitutes such violation; and such refusal or failure renders void any sentence resulting from a trial on an indictment, or, as here, upon an information under the provisions of the habitual criminal statute."

In the earlier case of *State ex rel. Banach v. Boles*, 147 W. Va. 850, 131 S. E. 2d 722, this Court held that a convicted defendant, upon compliance with the statute, is entitled to a free transcript of the record of his trial for use in seeking an appeal.

The undisputed facts in this case show that the petitioner, well within the appeal period available to him, clearly informed the clerk of the circuit court that he desired a free transcript for the purpose of seeking an appeal from his conviction and sentence; that the clerk advised him that he would have to file a petition and an indigent's affidavit with the court; that the court reporter had been informed of his request; that the reporter would prepare the transcript and send it to the petitioner but that such preparation would take time and occur at a later date; and that the clerk as early as July 1, which was well within the available appellate period, sent the other requested papers, consisting of the copy of the indictment, the judgment order and the commitment order, to the petitioner, and did not at any time after July 1, 1964, inform the petitioner that he would have to do anything further to obtain the transcript.

It is true that the petitioner did not file a petition and an indigent's affidavit in court but the action of the clerk in her official capacity was in behalf of and as a representative of

the court, and it was reasonable for the petitioner to assume that the matter would be brought to the attention of the court inasmuch as the clerk assured the petitioner that the transcript would be prepared by the reporter without imposing any further qualification or requirement of additional action by the petitioner. It is also true that the petitioner did not present to the court by affidavit the question of his indigency but he did file a certificate of the warden and a verification with his letter of June 15, in which he stated that he was a pauper within the meaning of the applicable statute. Moreover, the defendant does not, in this Court, question the showing of the petitioner on that point or assert that he is not an indigent person.

The petitioner did not satisfy the requirement of the statute that he file a written request, setting forth the grounds upon which the appeal or writ of error would be sought, and this failure upon the part of the petitioner constitutes the principal ground upon which the defendant relies to defeat the petitioner's asserted right to relief in this proceeding.

It is manifest that the main purpose of the above cited statute is to provide an indigent person without cost a transcript of the proceedings of the trial in which he is convicted, if he makes timely application for such transcript, as did the petitioner in this proceeding; and that the provision requiring a written request setting forth the grounds for an appeal or writ of error is merely incidental to the main purpose of the statute and elimination or disregard of such provision would not defeat the purpose of the Legislature in the enactment of the statute. For that reason that requirement of the statute is directory and not mandatory in character.

The distinction between mandatory and directory statutory provisions is clearly stated in 82 C. J. S., Statutes, Section 376, and 50 Am. Jur., Statutes, Section 25. In 82 C. J. S., Statutes, Section 376, the text contains this language: "Whether a statute is mandatory or directory depends on whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form,

and what is a matter of essence can often be determined only by judicial construction. Accordingly, when a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, it is generally regarded as directory, unless followed by words of absolute prohibition; and a statute is regarded as directory where no substantial rights depend on it, no injury can result from ignoring it, and the purpose of the legislature can be accomplished in a manner other than that prescribed, with substantially the same results."

In *State* v. *Carduff*, 142 W. Va. 18, 93 S. E. 2d 502, in which certain statutory provisions with reference to the selection of persons for grand jury service were considered, this Court held that statutory provisions which specify the time at which a list of qualified persons should be prepared and the maximum number of such persons were directory and that substantial compliance with such provisions was sufficient in the selection of a lawful grand jury. In the opinion in that case this Court used this language: "In determining whether a statute is mandatory or directory the intention of the Legislature is controlling, and if that intention is to make compliance with the statute essential to the validity of the act directed to be done, the statute is mandatory. *State ex rel. Thompson* v. *Fry,* 137 W. Va. 321, 71 S. E. 2d 449; *State* v. *Simmons,* 135 W. Va. 196, 64 S. E. 2d 503. If, however, the intention of the Legislature is not to make compliance with the statute essential to the validity of the act directed to be done or the procedure to be followed, the statute is merely directory. *State* v. *Simmons,* 135 W. Va. 196, 64 S. E. 2d 503; *Mears* v. *Dexter,* 86 Va. 828, 11 S. E. 538; 82 C. J. S., Statutes, Sections 374 and 376." See also *Vest* v. *Cobb,* 138 W. Va. 660, 76 S. E. 2d 885; *State ex rel. Boone County Coal Corporation* v. *Davis,* 133 W. Va. 540, 56 S. E. 2d 907; *State* v. *Nangle,* 82 W. Va. 224, 95 S. E. 833; *White* v. *Crump,* 19 W. Va. 583.

In his efforts to obtain a transcript of the record of the proceedings upon the trial of his case the petitioner sub-

stantially complied with the requirements of the applicable statute to entitle him to a free transcript which he sought to obtain for the purpose of an appeal. An indigent person who substantially complies with the requirements of the applicable statute is entitled to a free transcript which he seeks for the purpose of applying for an appeal from a judgment upon an indictment for a criminal offense for which he has been tried and found guilty and sentence has been imposed; and the failure of the circuit court in which he was convicted and sentenced, acting by its clerk, to furnish a duly requested transcript in sufficient time to enable such indigent person to apply for an appeal, constitutes a denial of due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States and by Article III, Sections 10 and 17, of the Constitution of this State; such judgment is unenforceable; and such indigent person, in a habeas corpus proceeding, is entitled to the relief for which he prays and will be released forthwith from custody under such judgment.

*Prisoner discharged.*